IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MARK G. BAKER,**
*By his personal representative*
*Kathleen Woody, pro se[1]*

      Plaintiff

v.

**CITY OF JACKSONVILLE, et al.**

      Defendant

Civil No. **PJM 13-0674**

## MEMORANDUM OPINION

Kathleen Woody, as Personal Representative of Mark G. Baker, has sued the City of Jacksonville, Florida and the following persons or entities of that City: the Sheriff's Office and individual employees of that office; the Office of General Counsel; the Office of City Council; and Mayor Alvin Brown. Woody has sued on Baker's behalf for negligence and violation of his civil rights under 42 U.S.C. § 1983. On behalf of all Defendants, the City of Jacksonville has filed a Motion to Dismiss, or in the Alternative, to Transfer Venue [Paper No. 8]. Woody has filed a Motion for Entry of Default [Paper No. 11] against the Jacksonville's Sheriff's Office and individual employees of the City, its Office of General Counsel, its Office of City Council and Mayor Alvin Brown, all for allegedly failing to file a response under Fed.R.Civ.P. 55(a). For the reasons that follow, the Court **GRANTS WITHOUT PREJUDICE** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion for Entry of Default.

---

[1] The Court has verified that Baker is deceased and that Kathleen Woody, Esquire, has been appointed Personal Representative of his Estate by the Orphan's Court of Montgomery County, Maryland. The proper caption of the case should have been "Kathleen Woody, as Personal Representative of the Estate of Mark G. Baker, Deceased." *See* GEORGE W. LIEBMANN, MARYLAND PRACTICE: CIVIL PROCEDURE FORMS §306 (1984); *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985); *Lester v. McFaddon*, 415 F.2d 110 (4th Cir. 1969). This information is merely for counsel's future reference. There is no need to change the caption of the case at this point, however, since the entire case is being dismissed for the reasons set forth herein.

# I.

Woody alleges that, on or about March 3, 2010, Baker was in a Walgreen's parking lot in Jacksonville, talking on the phone with his father, trying to get to the hospital emergency room across the street. Baker was heavily intoxicated, had the shakes, and was afraid he might have a stroke. Police came to the scene, arrested Baker and detained him in the Duval County Jail in Jacksonville for misdemeanor trespass and disorderly conduct. While in detention, Baker was "deemed suicidal." Pursuant to the policy of the jail, he was therefore stripped naked, and placed in a 6x9 foot cell. In the cell with him was Joseph Lawton Pye, an individual awaiting trial on felony sex charges. Pye, a repeat offender, had also been stripped of his clothing. In those circumstances, Pye used a mattress to cover the doorway and proceeded to rape Baker twice. Pye was later convicted of raping Baker. Baker was given medicine as a precaution against AIDS and sexually transmitted diseases and received payment for what Woody calls "personal injury damages," but it is unclear who paid or was compelled to pay those damages and when Baker received them. All charges against Baker were eventually dropped when it was determined that his maturity level was that of a teenager and that he had accordingly been compromised.

The Complaint raises claims of "tort negligence" and "violation of Plaintiff's Civil Rights," alleging that the Jacksonville Sheriff's Office was negligent in placing Baker in a cell with Pye, without clothes, and with no warning as to the "danger posed by the other inmate . . . ," and that such conduct constituted "cruel and unusual punishment for a misdemeanor," and consequently "a violation of the constitutional and civil rights of a young person . . . ."

In its Motion to Dismiss, the City of Jacksonville, while denying liability on behalf of all Defendants, not all of whom have appeared in the case, represents that all Defendants join in its Motion to Dismiss. Woody, on behalf of the Baker Estate, opposes the Motion and has filed for

an entry of default against the four Defendants, other than the City, on the grounds that the City of Jacksonville is not authorized to file a Motion on their behalf.

## II.

As for the authority of the City of Jacksonville to seek dismissal on behalf of the other Defendants, the Court finds several reasons why it should be permitted to do so. First, it appears that all the Defendants – e.g. the Office of General Counsel, the City Council, the Mayor, and even perhaps the Sherriff's Office and its employees – are part of the City of Jacksonville family, the party moving for dismissal. Second, the City has expressly indicated that the other Defendants – having appeared or not – join its Motion. Third, and most important, it is incontrovertible that, even if properly served with process, each of these Defendants would be entitled to dismissal of the case against them for the same reason the City of Jacksonville is. Neither they nor this case has any jurisdictional nexus whatsoever with the State of Maryland. Economy of procedure dictates that the Court can and should dismiss the case against all Defendants sua sponte at the outset rather than keeping the case on the docket only to be dismissed in its entirety if, as, and when the various Defendants appear in the case and raise their own Motion to Dismiss. In sum, the Court's ruling herein will apply to all Defendants, served or not served, having answered or not answered.

## III.

A federal district court may exercise personal jurisdiction over non-resident defendants "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). To satisfy due process in the present case, a plaintiff must show that a defendant has established minimum contacts with Maryland such that maintenance

3

of the suit in Maryland would not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Although Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. §6-103, authorizes jurisdiction to the limits of due process over non-resident defendants, it cannot avail Plaintiff here. The Court agrees with Defendants that this suit clearly lacks any nexus with the State of Maryland and must be filed, if at all, in the U.S. District Court for the Middle District of Florida or in Florida state court. The Complaint in fact concedes that all the Defendants are residents of Florida, and that all the alleged conduct took place in the City of Jacksonville jail. Nothing at all appears to have occurred in Maryland, except that Baker at relevant times apparently resided here. To exercise *in personam* jurisdiction over Defendants in these circumstances would, without any doubt, be an infringement upon their due process rights. *Int'l Shoe Co.*, 326 U.S. 316. Because the Court lacks personal jurisdiction over any named Defendant, regardless of their purported liability, the Court is constrained to dismiss the Complaint, but does so without prejudice. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574 (1999).

### IV.

For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** the City of Jacksonville's Motion to Dismiss as to all Defendants, and **DENIES** Plaintiff's Motion for Entry of Default.[2]

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**October 30, 2013**                       **UNITED STATES DISTRICT JUDGE**

---

[2] Since the Court lacks personal jurisdiction over any of the Defendants in this case, it has no authority to issue a Motion for Entry of Default against any of them.